Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone:  (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff MARK E. BIRCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. BIRCH, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **1) THE FAIR DEBT COLLECTION PRACTICES ACT,** |
| RESURGENCE LEGAL GROUP, P.C., an Illinois professional corporation; and DOES 1-10, inclusive, | **AND** |
| | **2) THE ROSENTHAL ACT.** |
| Defendants. | **DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

/ / /

## II. THE PARTIES.

3. The plaintiff, MARK E. BIRCH ("Plaintiff"), is a natural person.  At all relevant times, she resided in the county of Los Angeles, California.

4. Defendant RESURGENCE LEGAL GROUP, P.C. (hereinafter "RLG"), is, and at all times relevant herein was, an Illinois professional corporation with its principal place of business at 1161 Lake Cook Road, Suite E, Deerfield, Illinois 60015.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities  of such defendants when they have been ascertained.  Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants.  All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, obtained two credit cards accounts with Citibank – or a similarly named affiliated entity – for personal, family, and/or household use.   Disputes arose on both accounts between the credit card issuer and

COMPLAINT

Plaintiff.  Plaintiff voiced his disputes directly with Citibank, and refused to pay the accounts.   Without ever addressing Plaintiff's disputes, Citibank sold the debts after default.   Upon information and belief, both of the debts ultimately ended up being owned by Absolute Resolutions V, LLC.

9. Absolute Resolutions V, LLC, turned the disputed debt over to RLG for collection.   RLG wrote two demand letters to Plaintiff on February 19, 2015, both essentially identical, except for the amounts sought, and the account numbers.  Both dunning letters stated, in part, "This firm is a debt collector.  We are attempting to collect a debt . . . ."

10. On February 24, 2015, Plaintiff two letters back to RLG, indicating that he had repeatedly disputed the debt with the original creditor, that he refused to pay the debt, and demanding that RLG refrain from further communication with him regarding the debt.   Plaintiff mailed the cease communication letters by certified mail, return receipt requested.

11. RLG received Plaintiff's cease communication letters shortly thereafter, on or around March 3, 2015.  The Domestic Return Receipt was signed by hand by an employee of RLG, who inscribed the name "N. [or possibly 'H'] Winkler."

12. RLG ignored Plaintiff's requests to cease communication regarding the debts.   On November 5, 2015, RLG sent Plaintiff two more demand letters – one for each account  – despite having received the prior cease communication directives.  RLG's November 5, 2015, letters were further attempts to collect the same debts.

13. RLG's letters of November 5, 2014, both signed by or on behalf of an attorney named Nancy Q. Su, stated, "I have had an opportunity to review your letter dated February 24, 2015," and also stated, "This communication is from a debt collector and is an attempt to collect a debt."  The November 5, 2015, letters also stated, "Payment plans and settlement options are available if you contact us promptly.   I strongly urge you to contact our office to work out a mutually agreeable arrangement, or we may be forced to take legal action."

14.   Both of RLG's letters were attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against RLG and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Repeatedly contacting Plaintiff in attempts to collect a debt after receiving cease communication directives, in violation of 15 U.S.C. §1692c( c);

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things.  For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against RLG and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in attempts to collect a debt after receiving cease communication directives, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

COMPLAINT

1         2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil

2  Code section 1788.30(a);

3         3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section

4  1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure

5  section 490.020.

6         4. General damages, in an amount subject to proof at trial; and

7         5. Such other and further relief as the Court deems just and proper.

8

9         PLEASE TAKE NOTICE that Plaintiff MARK E. BIRCH requests a trial by

10 jury.

11

12

13 DATED: November 17, 2015          Respectfully submitted,

14

15                   By:

16                         Aidan W. Butler
                        Attorney for Plaintiff

17                         MARK E. BIRCH

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT